Nathan D. Rectanus, WY No. 7-5284
LUBING, GREGORY & RECTANUS, LLC
350 E. Broadway Ave.
P.O. Box 3894
Jackson, WY  83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile
jim@lgrlegal.com
nate@lgrlegal.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| SHARON SIEDORF CARDENAS, <br><br> Plaintiff, <br><br> vs. <br><br> VALLEY MARKET, INC., a Wyoming corporation, and <br><br> COCA-COLA BOTTLING COMPANY HIGH COUNTRY, a South Dakota corporation, <br><br> Defendants. | Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Sharon Cardenas, by and through undersigned counsel, and for her causes of action and claims for relief against the above-named Defendants, states and alleges as follows:

### NATURE OF CASE

This is a personal injury action that arises from substantial injuries suffered by Plaintiff Sharon Cardenas while she was a business invitee of Defendant Valley Market,

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
*Page 1 of 7*

Inc. and tripped and fell on a hazard while shopping.

## I. PARTIES

1. Plaintiff Sharon Cardenas ("Plaintiff" or "Ms. Cardenas") is a resident of the State of Idaho.

2. Plaintiff brings this action for injuries and damages she suffered and continues to suffer as a result of an August 14, 2019 fall inside of Defendant Valley Market.

3. Upon information and belief, Defendant Valley Market, Inc. ("Valley Market") is a Wyoming profit corporation with its principal place of business in Thayne, Lincoln County, Wyoming.

4. At all times relevant hereto, Defendant Valley Market operated a grocery store in Thayne, Wyoming.

5. Upon information and belief, Defendant Coca-Cola Bottling Company High Country ("Coca-Cola") is a South Dakota profit corporation with its principal place of business in Rapid City, South Dakota.

6. Upon information and belief, Defendant Coca-Cola delivers beverages to Defendant Valley Market.

7. Defendants Valley Market and Coca-Cola are liable for the acts and omissions of their agents and employees through the doctrine of respondeat superior.

## II.   JURISDICTION & VENUE

8. Plaintiff incorporates by reference paragraphs 1-7 hereof.

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the Plaintiff (who is a citizen of the State of Idaho) and the Defendants (who are organized under

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
*Page 2 of 7*

the laws of, and maintain their principal places of business in, Wyoming and South Dakota).

10. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) for each Plaintiff, exclusive of interest and cost.

11. Venue of this action lies in this Judicial District under 28 U.S.C. § 1391(b)(2) and (3), and the action is properly filed in this judicial district under 28 U.S.C. § 1391(c)(2).

### III. FACTS COMMON TO ALL CLAIMS

12. Plaintiff incorporates by reference paragraphs 1-11 hereof.

13. On or about August 14, 2019, Plaintiff Sharon Cardenas entered Valley Market as a business invitee wherein she purchased, among other things, two, 7-pound bags of ice.

14. At the time of checkout, she was directed by the cashier to the front entrance of the store to retrieve the two bags of ice she had purchased. The ice was located in a freezer located along a wall near the store entrance.

15. When she entered the area near the ice freezer, she noted an individual removing 12-packs of beverages from a pallet and stacking them in the area. She first assumed the individual was an employee of the Market, but now believes the individual was an employee of Defendant Coca-Cola.

16. As Plaintiff approached the ice machine, she was required to navigate her way around the individual who had been unloading the beverages from the pallet, as he was in front of the ice machine.

17. After retrieving two bags of ice, Plaintiff made her way back towards her

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
*Page 3 of 7*

shopping cart. As Plaintiff passed the individual unloading beverages from the palette, Plaintiff's feet became caught in plastic wrapping that had been left on the floor of the store, which was not visible to the Plaintiff.

18. The plastic wrapping caused Plaintiff to fall, resulting in injuries to Plaintiff's knees, ribs, shoulders and head.

## IV.  COUNT ONE - NEGLIGENCE AGAINST DEFENDANT COCA-COLA

19. Plaintiff incorporates by reference the foregoing paragraphs 1-18 hereof.

20. Defendant Coca-Cola, through its agents and employees, owed a duty of care to Plaintiff to use ordinary care reasonably expected of someone delivering and/or unloading products under the same or similar circumstance.

21. Defendant Coca-Cola breached its duty of care owed to Plaintiff in the following manners, without limitation:

    a. It failed to exercise due care for the safety of the Plaintiff and others;

    b. It failed to maintain a clean area, free of debris, where it was unloading products;

    c. It created a dangerous and hazardous condition by leaving clear plastic wrapping on the ground where customers, including Plaintiff, walked;

    d. It failed to warn Plaintiff of the hazardous condition that it created;

22. As a direct and proximate result of the negligent acts and omissions of Defendant Coca-Cola, Plaintiff has suffered injuries and damages for which Defendant Coca-Cola is liable.

23. As mentioned above, Coca-Cola is liable for the negligence of its employees and agents through the doctrine of respondeat superior.

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
Page 4 of 7

## V. COUNT TWO - NEGLIGENCE AGAINST DEFENDANT VALLEY MARKET

24. Plaintiff incorporates by reference the foregoing paragraphs 1-23 hereof.

25. Defendant Valley Market, through its agents and employees, owed a duty of care to Plaintiff to use ordinary care reasonably expected of a business under the same or similar circumstance.

26. Defendant Valley Market breached its duty of care owed to Plaintiff in the following manners, without limitation:

    e.  It failed to exercise due care for the safety of the Plaintiff and others;

    f.  It failed to maintain a clean area, free of debris, where it knew or should have known customers would be traveling;

    g.  It created a dangerous and hazardous condition by failing to clean up clear plastic wrapping on the ground where customers, including Plaintiff, walked;

    h.  It failed to warn Plaintiff of the hazardous condition;

27. As a direct and proximate result of the negligent acts and omissions of Defendant Valley Market, Plaintiff has suffered injuries and damages for which Defendant Valley Market is liable.

28. As mentioned above, Valley Market is liable for the negligence of its employees and agents through the doctrine of respondeat superior.

## VI. COUNT THREE – PREMISES LIABILITY AGAINST VALLEY MARKET

29. Plaintiff incorporates by reference the foregoing paragraphs 1-28 hereof.

30. Defendant Valley Market owed a duty to its business invitees, including Plaintiff, to maintain its premises in a reasonably safe condition.

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
*Page 5 of 7*

31. Defendant breached its duty by failing to ensure that the premises was free from hazards and dangers to its business invitees, and by failing to warn its business invitees of said hazards.

32. As a direct and proximate result of Defendant Valley Market's breaches, Plaintiff suffered injuries and damages for which Defendant is liable.

## VII. DAMAGES

33. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Sharon Cardenas has suffered, and continues to suffer damages and injuries, including, but not limited to:

    a. Emotional distress;

    b. Physical injuries;

    c. Medical expenses, past and future;

    d. Loss of earnings and profits, past and future;

    e. Pain and suffering, past and future; and

    f. Loss of enjoyment of life, past and future.

**WHEREFORE**, Plaintiff prays for all legally recoverable general and special damages as provided by law, including, without limitation, damage for physical injury and emotional distress, as well as post-judgment interest, attorney's fees and costs, and such other and further relief as the Court deems just and equitable.

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
*Page 6 of 7*

DATED this 28th day of June, 2022.

*signature*

Nathan D. Rectanus, WY Bar No. 7-5284
LUBING, GREGORY & RECTANUS, LLC
*Attorneys for Plaintiff*
PO Box 3894
Jackson, WY  83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile
nate@lgrlegal.com

## DEMAND FOR TRIAL BY SIX-PERSON JURY

Plaintiff hereby demands that all issues regarding all claims for relief above be tried by a six-person jury.

DATED this 28th day of June, 2022.

*signature*

Nathan D. Rectanus, WY Bar No. 7-5284
LUBING, GREGORY & RECTANUS, LLC
*Attorneys for Plaintiff*
PO Box 3894
Jackson, WY  83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile
nate@lgrlegal.com

*Sharon Cardenas v. Valley Market, Inc., et. al.*
Complaint and Demand for Jury Trial
*Page 7 of 7*